# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE FRAZIER, JR., | Case No. 1:18-cv-01548-LJO-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | (ECF No. 3) |
| Respondents. | |

Petitioner Henry Lee Frazier, Jr. is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition is an unauthorized successive petition, the undersigned recommends dismissal of the petition.

## I.

## DISCUSSION

On October 30, 2018, Petitioner filed a document entitled "Petitioner's Writ of Mandate and Other Appropriate Relief Toward Real Party in Interest HCC Surety Group/American Contractors Indemnity to Bond Judgment" (the "petition") in the United States District Court for the Central District of California. (ECF No. 1). On November 9, 2018, the petition was transferred to this district. (ECF Nos. 7, 8). In the petition, Petitioner challenges his Tuolumne County Superior Court conviction for diverting construction funds and the sentencing court's revocation of Petitioner's contractor's license. (ECF No. 3 at 10).[1] Petitioner requests that the

_____
[1] Page numbers refer to ECF page numbers stamped at the top of the page.

Court restore his professional license and "award damages for the embarrassment, expense and ordeal and compelling Mr. Frazier to live in a continuing state of anxiety and insecurity." (ECF No. 3 at 15).

The Court will construe the instant petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than a petition for writ of mandate given that Petitioner challenges his conviction and seeks reversal of the sentencing court's revocation of Petitioner's contractor's license. See Castro v. United States, 540 U.S. 375, 381–82 (2003) (noting courts may recharacterize a *pro se* motion to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well as complaints.").

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule") requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. "In Custody"**

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973).

Petitioner is not incarcerated, but on October 28, 2014, the trial court ordered that Petitioner be admitted to probation for a period of five years from that date. (ECF No. 3-2 at 38, 71). As it appears Petitioner currently is on probation, the Court finds that Petitioner is "in custody" for purposes of habeas corpus jurisdiction. Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.").

## B. Unauthorized Successive Petition

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

As noted in the petition, Petitioner previously sought federal habeas relief in this Court with respect to the same 2014 conviction. See Frazier v. Warden, No. 1:17-cv-00501-JLT.[2] Pursuant to Habeas Rule 4, the Court summarily dismissed the previous petition with prejudice for failure to state a cognizable federal claim, and the Ninth Circuit denied Petitioner's request for a certificate of appealability. Id., ECF Nos. 14, 19. Therefore, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b).

As Petitioner already filed a federal petition for writ of habeas corpus regarding his Tuolumne County Superior Court conviction for diverting construction funds, Petitioner cannot file another petition in this Court regarding the same conviction without first obtaining

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes

2   no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition.

3   Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief

4   under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157. The Court

5   also notes that to the extent Petitioner requests an award of damages, the petition should be

6   dismissed. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim,

7   habeas corpus is not an appropriate or available federal remedy.").

8                                                    **II.**

9                                          **RECOMMENDATION**

10          Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for

11   writ of habeas corpus (ECF No. 3) be DISMISSED.[3]

12          This Findings and Recommendation is submitted to the assigned United States District

13   Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

14   Rules of Practice for the United States District Court, Eastern District of California. Within

15   **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

16   written objections with the court and serve a copy on all parties. Such a document should be

17   captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

18   District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

19   § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time

20   may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834,

21   839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22
    IT IS SO ORDERED.
23

24      Dated:   **November 28, 2018**            /s/ _Erica P. Groj_
25                                                 UNITED STATES MAGISTRATE JUDGE

26

27
    ---
    [3] This conclusion does not preclude Petitioner from attempting to pursue his claims in a civil rights action brought
28   pursuant to 42 U.S.C. § 1983. The Court expresses no opinion as to the merits of Petitioner's claims or whether the
    jurisdictional and procedural requirements for 42 U.S.C. § 1983 are satisfied.